# IN THE CIRCUIT COURT OF BROOKE COUNTY, WEST VIRGINIA

KARON C. SMILEY,

       Plaintiff,

vs.

       CIVIL ACTION NO:

STATE FARM MUTUAL AUTOMOBILE
INSURANCE COMPANY,

       Defendant.

## COMPLAINT

NOW COMES the Plaintiff, Karon C. Smiley, by and through the undersigned counsel, and for her Complaint against the Defendant, State Farm Mutual Automobile Insurance Company, states and avers as follows:

## GENERAL ALLEGATIONS

1.    The Plaintiff, Karon C. Smiley, at the time of the incident as alleged herein, was a citizen and resident of Wellsburg, Brooke County, West Virginia. Plaintiff currently is a citizen and resident of Wintersville, Jefferson County, Ohio.

2.    Upon information and belief, the Defendant, State Farm Mutual Automobile Insurance Company ("State Farm"), is an insurance company licensed to conduct business and sell insurance in the State of West Virginia.

3.    At all times relevant herein, the Defendant, State Farm, was the insurer of the automobile in which the Plaintiff was traveling at the time of the incident described herein.

4.    At all times relevant herein, the Plaintiff, Karon C. Smiley, acted reasonably, carefully, safely and without negligence.

## FACTS

5. On or about October 7, 2017, the Plaintiff, Karon C. Smiley, was operating a 1999 Honda Civic traveling eastbound on US Route 22 in Weirton, Brooke County, West Virginia.

6. At the aforementioned time and place, the Plaintiff, Karon C. Smiley, slowed her vehicle down in attempt to merge into traffic.

7. At the aforementioned time and place, Nicholas Cekinovich, was the operator of a 1998 Nissan Maxima also traveling eastbound on US Route 22 following behind the vehicle of the Plaintiff.

8. At the aforementioned time and place, the Defendant, Nicholas Cekinovich, negligently, carelessly, and/or recklessly operated his motor vehicle by failing to slow his vehicle and struck the rear of Plaintiff's vehicle with great force.

9. As a direct and proximate result of the negligent, careless, and/or reckless conduct of Nicholas Cekinovich, the Plaintiff, Karon C. Smiley, sustained severe and disabling personal injuries, was forced to seek medical treatment and incur medical expenses, has and will in the future incur pain and suffering, mental anguish, aggravation, inconvenience, the loss of enjoyment of life, the loss of the ability to function, the loss of wages, and past and future medical and other expenses.

10. On or about February 25, 2019, the Plaintiff received permission from Defendant, State Farm, to settle with the insurer of Nicholas Cekinovich for the policy limits of his insurance policy and further received a waiver from Defendant, State Farm, of any subrogation rights it may have had against Defendant, Nicholas Cekinovich, and/or his insurer.

11. On or about May 17, 2019, the Plaintiff executed a release and agreement to settle her claim with Nicholas Cekinovich and his insurer, and thereafter received payment for the limits of his insurance policy on or about June 13, 2019.

12. The limits of the insurance policy of Nicholas Cekinovich were insufficient to make the Plaintiff whole and compensate her for her injuries.

13. Plaintiff has submitted a request to the Defendant, State Farm, to resolve her underinsured motorist claim, and the Defendant has failed to make an adequate or reasonable offer to settle the same.

## COUNT I

14. Plaintiff hereby incorporates by reference paragraphs 1 through 13 of this Complaint as if fully set forth herein.

15. At all times relevant herein, the Plaintiff's motor vehicle was insured by Defendant, State Farm, as aforesaid.

16. As part of the Plaintiff's motor vehicle insurance policy, Defendant, State Farm, agreed to provide underinsured motorist coverage to Plaintiff for all damages sustained in an automobile accident caused by a third-party tortfeasor that are in excess of the third-party tortfeasor's liability insurance policy limits.

17. The damages sustained by the Plaintiff in this case are in excess of the Defendant, Nicholas Cekinovich's liability insurance policy limits.

18. Pursuant to the underinsured motorist provisions of the Plaintiff's insurance policy, State Farm is obligated to compensate the Plaintiff for all damages sustained in excess of Nicholas Cekinovich's liability insurance policy limits.

19. Following the aforementioned accident, the Plaintiff submitted a claim for underinsured coverage to the Defendant, State Farm.

20. The Defendant, State Farm, has failed to offer an adequate sum to compensate the Plaintiff for her injuries, and by failing to offer an adequate sum has failed and refused to pay the Plaintiff's underinsured claim.

21. As a direct and proximate result of the actions and conduct of the Defendant, State Farm, the Plaintiff, Karon C. Smiley, has been forced to file this claim to recover the insurance benefits to which she is entitled, has suffered and continues to suffer annoyance, aggravation, inconvenience, and financial loss, lost wages, and has been forced to incur substantial attorney fees and costs in the pursuit of this litigation.

## COUNT II

22. Plaintiff hereby incorporates by reference paragraphs 1 through 21 of this Complaint as if fully set forth herein.

23. As Plaintiff's insurer, State Farm has a non-delegable obligation of good faith and fair dealing with respect to the handling of the Plaintiff's underinsured motorist claim.

24. During the handling of the Plaintiff's claim, State Farm breached its duty to the Plaintiff of good faith and fair dealing under the policy and improperly denied the Plaintiff's claim.

25. State Farm acted in bad faith by denying coverage for the Plaintiff's claim without conducting a reasonable and proper investigation.

26. State Farm has acted in bad faith and continues to act in bad faith by requiring the Plaintiff to litigate her rights to coverage for claims which are covered by the policy.

27. At all times relevant herein, State Farm lacked a reasonable basis for its denial of the Plaintiff's claims and either knew, or recklessly disregarded its lack of a reasonable basis in denying the claims.

28. As a direct and proximate result of the actions and conduct of the Defendant, State Farm, the Plaintiff, Karon C. Smiley, has been forced to file this claim to recover the insurance benefits to which she is entitled, has suffered and continues to suffer annoyance, aggravation, inconvenience, and financial loss, lost wages, and has been forced to incur substantial attorney fees and costs in the pursuit of this litigation.

## COUNT III

29. Plaintiff hereby incorporates by reference paragraphs 1 through 29 of this Complaint as if fully set forth herein.

30. During the handling of the Plaintiff's claim, State Farm breached its duty to the Plaintiff of good faith and fair dealing under the policy and improperly denied the Plaintiff's claim.

31. State Farm acted in bad faith by denying coverage for the Plaintiff's claim without conducting a reasonable and proper investigation.

32. State Farm has acted in bad faith and continues to act in bad faith by requiring the Plaintiff to litigate their rights to coverage for claims which are covered by the policy.

33. At all times relevant herein, State Farm lacked a reasonable basis for its denial of the Plaintiff's claims and either knew, or recklessly disregarded its lack of a reasonable basis in denying the claims.

34. Defendant, State Farm, by and through the conduct set forth herein, engaged in an unfair trade practice in violation of West Virginia Code § 33-11-4 (9), and its conduct constitutes tortious bad faith entitling the Plaintiff to damages.

35. Defendant, State Farm, by and through the conduct set forth herein, violated West Virginia Code § 33-11-4 (9).

36. The bad faith conduct of the Defendant, State Farm, as set forth herein, occurs with such frequency as to constitute a general business practice.

37. As a direct and proximate result of the actions and conduct of the Defendant, State Farm, the Plaintiff, Karon C. Smiley, has been forced to file this claim to recover the insurance benefits to which she is entitled, has suffered and continues to suffer annoyance, aggravation, inconvenience, and financial loss, lost wages, and has been forced to incur substantial attorney fees and costs in the pursuit of this litigation.

## COUNT IV

38. Plaintiff hereby incorporates by reference paragraphs 1 through 37 of this Complaint as if fully set forth herein.

39. At all times relevant herein, the Plaintiff was insured under a policy of automobile insurance with State Farm for which premiums were paid and which provided underinsured motorists coverage, as aforesaid.

40. Under the terms of the insurance policy, State Farm is contractually obligated to pay the Plaintiff's claims for underinsured motorists coverage.

41. State Farm has failed to offer a reasonable sum to compensate the Plaintiff, and by failing to make a reasonable offer has failed and/or refused to pay the Plaintiff's underinsured motorists claim.

42. By failing and refusing the Plaintiff's claim, the Defendant, State Farm, has breached the insurance contract.

43. As a direct and proximate result of the actions and conduct of the Defendant, State Farm, the Plaintiff, Karon C. Smiley, has been forced to file this claim to recover the insurance benefits to which she is entitled, has suffered and continues to suffer annoyance, aggravation, inconvenience, and financial loss, lost wages, and has been forced to incur substantial attorney fees and costs in the pursuit of this litigation

### PRAYER

**WHEREFORE**, the Plaintiff, Karon C. Smiley, demands judgment against the Defendant, State Farm Mutual Automobile Insurance Company, for all damages allowed under applicable law and in excess of this Court's jurisdictional amount, together with pre-judgment and post-judgment interests and costs, attorney fees and costs, and for such other relief, both general and special, as to the nature of the matter the Court deems meet and proper.

### PLAINTIFF DEMANDS A TRIAL BY JURY

KARON C. SMILEY, *Plaintiff*

By _____
Counsel

Michael G. Simon, Esq. (WV I.D. #5551)
Kevin M. Pearl, Esq. (WV I.D. #8840)
FRANKOVITCH, ANETAKIS, SIMON,
DECAPIO & PEARL, LLP
337 Penco Road
Weirton, WV 26062
(304) 723-4400
msimon@faslaw.com
kevin@faslaw.com